

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 21, 2020.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 20-50997-cag |
| | § | |
| ROCKSTAR REMODELING AND | § | |
| DIAMOND DECKS, LLC, | § | CHAPTER 11 |
|     Debtor. | § | |

### ORDER OVERRULING KYLE BROOKS'S OBJECTION TO THE ORDER APPROVING EMPLOYMENT OF SPECIAL LITIGATION COUNSEL (ECF NO. 42)

Came on to be considered the above-numbered bankruptcy case, and, in particular, Kyle Brooks's Objection to the Order Approving Employment of Special Litigation Counsel (ECF No. 42[1]) (the "Brooks Objection"). The Objection was filed in response to the Order Approving Employment of Special Litigation Counsel (ECF No. 28) entered on June 15, 2020. The Court held a hearing on the Brooks Objection on August 5, 2020.  As a preliminary matter, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. §157(b)(2)(A). The following constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.  This matter is referred to this Court under the District Court's

---

[1] All references to the docket in this case are denoted as "ECF No."

Standing Order of Reference. For the reasons stated below, the Court finds that the Brooks Objection is overruled.

## BACKGROUND

Debtor-in-possession Rockstar Remodeling and Diamond Decks, LLC ("Rockstar" or "Debtor") is a residential construction and design company that filed its Chapter 11 petition on May 27, 2020. Pre-petition, on April 29, 2020, Kyle Brooks ("Brooks") filed a lawsuit against Donald Ferguson ("Ferguson") individually in state court styled *Kyle Brooks v. Donald Ferguson*, Cause No. 2020-CI-07942 (the "State Court Lawsuit"). In the State Court Lawsuit, Brooks alleges that he is sole managing member of Rockstar,[2] and that Ferguson engaged in a series of actions designed to improperly increase Ferguson's control over Rockstar's cash flow and client relationships. (Adv. No. 20-05038, ECF No. 1, Exh. A). Brooks brought causes of action against Ferguson individually for breach of fiduciary duty, fraud, fraudulent transfer, and breach of contract. (Adv. No. 20-05038, ECF No. 1). Ferguson, who alleges that he is the managing member of Rockstar through his role as Trustee of the Rockstar Remodeling Trust, filed a counterclaim against Brooks for breach of fiduciary duty, fraud, actual fraud under the Texas Business Corporation Code, conversion, and Texas Civil Theft. (Adv. No. 20-05038, ECF No. 1, Exh. B). Rockstar filed a Petition in Intervention on the grounds that it has a justiciable interest in the lawsuit and that its interests are affected by the litigation. (*Id.*).

Initially, Charlie J. Cilfone ("Cilfone") and William G. Weiss ("Weiss") of Plunkett, Griesenbeck & Mimari, Inc. represented both Ferguson and Rockstar in the State Court Lawsuit.[3]

---

[2] The parties to the State Court Lawsuit agree that the trustee of the Rockstar Remodeling Trust is the managing member of Rockstar. (Adv. No. 20-05038, ECF No. 1, Exhs. A, B). The State Court Lawsuit is driven in part by a dispute over whether Brooks or Ferguson is the trustee of the Rockstar Remodeling Trust. (Adv. No. 20-05038, ECF No. 1, Exhs. A, B).

[3] Cilfone and Weis represent Rockstar in three additional causes of action: Cause No. 2019-CV-003370 styled *Rockstar Remodeling vs. Amy Gray, et al.*; Cause No. 2019-CV-03047 styled *Rockstar Remodeling vs. Edward Taddia, et al.*; and Cause No. 2019-CV-09893 styled *Rockstar Remodeling vs. Steve Theis, et al.*. At the hearing on

Brooks filed a Motion to Disqualify, which Presiding Judge Mary Lou Alvarez granted on May 18, 2020. (ECF No. 42, Exh. A). The Order on Plaintiff's Motion to Disqualify ("DQ Order") provides that Cilfone and Weiss were disqualified from "further representation of [Rockstar] in [Cause No. 20-CI-07942]." (*Id.*). Cilfone filed a Petition for Writ of Mandamus seeking to vacate Judge Alvarez's DQ Order. (ECF No. 42, Exh. C). The Fourth Court of Appeals abated the mandamus proceeding, which was still pending disposition, when Rockstar filed for bankruptcy.

Post-petition, Rockstar removed the State Court Lawsuit to this Court. (*See* Adv. No. 20-05038-cag, Notice of Removal (ECF No. 1)). Brooks filed a Motion to Remand that this Court granted. (Adv. No. 20-05038, ECF No. 3). The State Court Lawsuit was remanded back to the 285th Judicial District Court of Bexar County, Texas. (Adv. No. 20-05038, ECF No. 13). The Parties have informed the Court that Rockstar has since filed a notice of non-suit and, as such, is no longer a party in the State Court Lawsuit. (*See* ECF No. 65) ("The current posture of 2020-CI-07942 is that [Rockstar] is not a party . . . [and] the parties remaining . . . are Kyle Brooks and Donnie Ferguson, individually.").

In this Court, Rockstar filed Debtor's Complaint for Declaratory Relief against Brooks on June 4, 2020, which initiated the adversary proceeding styled *Rockstar Remodeling and Diamond Decks, LLC v. Kyle Brooks (In re Rockstar Remodeling and Diamond Decks, LLC)*, Adv. No. 20-05041-cag (the "Adversary Proceeding"). The Adversary Proceeding is a separate cause of action from the State Court Lawsuit. The Adversary Proceeding seeks declaratory relief from this Court that: (a) Brooks has been properly and validly removed as a member of Rockstar; (b) a determination that any interest that Brooks has in Rockstar is forfeited; (c) that Rockstar be awarded damages against Brooks; (d) recovery by Rockstar of all reasonable and necessary

_____

the Brooks Objection, Brooks clarified that he does not object to Cilfone and Weiss' representation of Rockstar in those cases.

attorney's fees and costs; and (e) all other relief to which Rockstar shows itself justly entitled. (Adv. No. 20-05041, ECF No. 1). Rockstar filed its Application to Approve Employment of Special Litigation Counsel (ECF No. 24) ("Application to Employ") to employ Cilfone as its special litigation counsel in the Adversary Proceeding to which Brooks objected.

## PARTIES' ARGUMENTS

Brooks contends that Cilfone cannot represent Rockstar as special litigation counsel in the Adversary Proceeding because Cilfone's concurrent representation of Ferguson in the State Court Lawsuit poses an unwaivable and irreconcilable conflict of interest. Brooks further argues that Judge Alvarez's justification for disqualifying Cilfone from representing Rockstar in the State Court Lawsuit—that it poses a conflict of interest for Cilfone to represent one of two members of an LLC, while also representing the LLC itself—is also applicable in the Adversary Proceeding. Brooks urges the Court to consider the conflict of interest prospectively. Brooks posits that, hypothetically, the State Court Lawsuit could result in Ferguson being required to pay damages to Rockstar because a component of the State Court Lawsuit is Brooks' allegation that Ferguson embezzled and/or fraudulently transferred $200,000 from Rockstar's account. (Adv. No. 20-05038, ECF No. 1, Exh. A).  According to Brooks, Cilfone cannot zealously advance Ferguson's individual interest in the State Court Lawsuit while advancing Rockstar's interests in the Adversary Proceeding.

In response, Debtor argues that Brooks has not satisfied his burden in establishing the existence of an actual conflict under Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct.[4] Debtor contends that even if Kyle Brooks can establish an actual conflict, that conflict was resolved through consent of the affected parties pursuant to Rule 1.06(c) because Rockstar

---

[4] All references to Rule 1.06(a) *et seq* hereinafter shall be in reference to the Texas Disciplinary Rules of Professional Conduct.

and Ferguson have filed consent affidavits that waive any potential conflicts. (ECF No. 65, Exhs. B–D). Moreover, Debtor contends that Judge Alvarez's DQ Order entered in the State Court Lawsuit was incorrectly decided and, regardless, the DQ Order has no bearing on the conflicts determination here because Debtor is no longer a party to the State Court Lawsuit. Finally, Debtor cites to Texas Supreme Court case *In re Murrin Bros. 1885, Ltd.* to support its argument that an attorney can simultaneously represent an LLC and a member of that LLC when there is no evidence of prejudice. 603 S.W.3d 53 (Tex. 2019).[5]

## LEGAL ANALYSIS

In evaluating whether to disqualify an attorney, the Court views such a motion as a "substantive motion[ ] affecting the rights of the parties [that is] determined by applying standards developed under federal law." *In re Dresser Indus.*, 972 F.2d 540, 543 (5th Cir. 1992). Motions to disqualify are "governed by the ethical rules announced by the state and national professions in light of the public interest and rights of the litigants." *In re American Airlines*, 972 F.2d 605, 610 (5th Cir. 1992). Texas case law emphasizes that disqualification of counsel is a "severe remedy that can result in significant expense to clients, disrupt the orderly progress of litigation, and deprive a party of the counsel of its choice." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d at 57 (citing *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002)). The burden is on the movant to prove that the attorney should be disqualified. *Cimarron Agr. Ltd. v. Guitar Holding Co., L.P.*, 209 S.W.3d 197, 201 (Tex. App.—El Paso, 2006, no pet.). "A court must consider all the facts and circumstances to determine whether the interests of justice require disqualification." *In re Murrin*

---

[5] *Murrin Bros.* involved a dispute between two factions formed within an LLC regarding who was the proper managing member of the LLC. 603 S.W.3d at 55. The LLC factions each brought claims against each other, and one of the factions brought derivative claims on behalf of the LLC. *Id*. at 56. The Texas Supreme Court considered whether serving as counsel for one of the LLC factions while representing the LLC itself in derivative litigation amounts to impermissible representation of both sides in the same case. *Id*. at 57–59. Here, the Parties are not engaged derivative litigation. Therefore, the facts of *Murrin Bros.* are inapposite to this case in its current posture.

***Bros. 1885, Ltd.***, 603 S.W.3d at 57.

Texas courts often look to the Disciplinary Rules of Professional Conduct ("Disciplinary Rules") to decide whether an attorney should be disqualified. ***Id***. The Disciplinary Rules, however, are "merely guidelines—not controlling standards—for disqualification motions." ***In re Nitla S.A. de C.V.***, 92 S.W.3d 419, 422 (Tex. 2002) (citation omitted). If the movant establishes that an attorney has violated a Disciplinary Rule, the movant still "must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification." ***Id***.

Here, Brooks alleges that Cilfone cannot represent Rockstar in the Adversary Proceeding while representing Ferguson in the State Court Lawsuit because it is a conflict of interest. Rule 1.06 addresses conflicts of interest and provides in relevant part:

(a) A lawyer shall not represent opposing parties to the same litigation.

(b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:

   (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or
   (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

(c) A lawyer may represent a client in the circumstances described in (b) if:

   (1) the lawyer reasonably believes the representation of each client will not be materially affected; and
   (2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.

Tex. Disciplinary Rules Prof'l Conduct R. 1.06(a)–(c), *reprinted in* Tex. Gov't Code Ann. Tit. 2, subtit. G, app. A (West 2020) (Tex. State Bar. R. art. X, § 9). Cilfone is not seeking to represent opposing parties to the same litigation, so Rule 1.06(a) is inapplicable.

Under Rule 1.06 (b)(1), Cilfone is prohibited from representing two different clients in "substantially related [matters] in which [their] interests are materially and directly adverse. . . ." Tex. Disciplinary Rules Prof'l Conduct R. 1.06(b)(1). The Court must first consider whether the State Court Lawsuit and the Adversary Proceeding are "substantially related." Two matters are "substantially related" if there is a genuine possibility that "a lawyer may divulge in one matter confidential information obtained in the other because the facts and issues involved in both are so similar." *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 51 (Tex. 1998). Here, Brooks did not submit evidence regarding the likelihood of Cilfone divulging confidential information obtained in the State Court Lawsuit to gain an advantage in the Adversary Proceeding or vice versa.

The comments to the Disciplinary Rules advise that representation of one client is "directly adverse" to the representation of another client under Rule 1.06(b)(1) "if the lawyer's independent judgment on behalf of a client or the lawyer's ability or willingness to consider, recommend or carry out a course of action will be or is reasonably likely to be adversely affected by the lawyer's representation of, or responsibilities to, the other client." Tex. Disciplinary Rules Prof'l Conduct R. 1.06 cmt. 6. In the State Court Lawsuit, Brooks is suing Ferguson individually for breach of fiduciary duty, fraud, fraudulent transfer, and breach of contract—all causes of action rooted in Brooks' allegations that Ferguson committed bad acts against Rockstar that thereby injured Brooks. (Adv. No. 20-05038, ECF No. 1). In the Adversary Proceeding, Rockstar seeks declaratory relief that Brooks is no longer a member of Rockstar due to his violation of certain provisions of Rockstar's company agreement. Ultimately, in both lawsuits, Cilfone seeks to advocate for clients with legal arguments that are adverse to Brooks. Therefore, at this juncture, the Court cannot find that Ferguson's individual interests in the State Court Lawsuit and Rockstar's interests in the Adversary Proceeding are "materially and directly adverse" to one another.

7

Rule 1.06(b)(2) prohibits an attorney from representing a person if it "reasonably appears to be or become adversely limited by the lawyer's . . . responsibilities to another client . . . ." Tex. Disciplinary Rules Prof'l Conduct R. 1.06(b)(2). Brooks argues that Cilfone cannot represent Ferguson individually and Rockstar because Cilfone could, hypothetically, be in a situation where he is forced to make a decision that is favorable to one of his proposed clients but not the other. The Court notes, however, that a "potential possible conflict does not itself necessarily preclude the representation." Tex. Disciplinary Rules Prof'l Conduct R. 1.06 cmt. 4. Moreover, Brooks has not offered evidence demonstrating that Cilfone's representation has caused actual prejudice. *See In re Nitla S.A. de C.V.*, 92 S.W.3d at 422 ("Even if a lawyer violates a disciplinary rule, the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification.").

At this time, Brooks has not met his burden to disqualify Cilfone from representing Rockstar in the Adversary Proceeding. The Court further concludes that, in this circumstance, it is not obligated to give comity to Judge Alvarez's DQ Order because the language of the order states that the parameters of Cilfone's disqualification from representing Rockstar relates only to that cause number. (ECF No. 65, Exh. A). The Court shall not foreclose Brooks from bringing a future motion to disqualify Cilfone from representing Rockstar in the Adversary Proceeding if Brooks can support the conflict with evidence of actual prejudice.

## CONCLUSION

IT IS THEREFORE ORDERED that Kyle Brooks's Objection to the Order Approving Employment of Special Litigation Counsel (ECF No. 42) is OVERRULED

# # #

8